| | |
|---|---|
| **Case No.** CV 21-2058 MWF (AGRx) | **Date:** May 28, 2021 |
| **Title:** Carmen Hernandez v. Walmart Inc., et al. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk:<br>Rita Sanchez | Court Reporter:<br>Not Reported |
|---|---|
| Attorneys Present for Plaintiff:<br>None Present | Attorneys Present for Defendant:<br>None Present |

**Proceedings (In Chambers):** ORDER GRANTING MOTION TO REMAND [9]

Before the Court is Plaintiff Carmen Hernandez's Motion to Remand Case to Los Angeles County Superior Court (the "Motion"), filed on April 5, 2021. (Docket No. 9). Defendant Walmart Inc. ("Walmart") filed an opposition on April 12, 2021. (Docket No. 11). Plaintiff filed a reply on April 16, 2021. (Docket No. 13).

The Motion was noticed to be heard on May 3, 2021. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar. Vacating the hearing is also consistent with General Order 21-07 arising from the COVID-19 pandemic.

For the reasons stated below, the Motion is **GRANTED**. Removal was untimely because Walmart filed the Notice of Removal more than thirty days after Walmart received Plaintiff's interrogatory responses stating that Plaintiff was a resident of California. Furthermore, removal was improper because Defendant Sylvia Pope defeats diversity, even if she was never served.

## I. BACKGROUND

Plaintiff commenced this action on January 13, 2020, in the Los Angeles County Superior Court ("LASC"). (*See* Complaint (Docket No. 4-1)). The Complaint alleged negligence against Defendants on the basis that the dangerous condition of the floor on its premises caused Plaintiff to slip and fall. (*Id.* at 8).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 21-2058 MWF (AGRx)				Date:  May 28, 2021
Title:	Carmen Hernandez v. Walmart Inc., et al.

The Complaint named Sylvia Pope, the manager of the Walmart store where Plaintiff was injured, as a defendant.  (*Id.* at 5).  Pope was a resident of California when the incident occurred and still resides in California today.  (*See* Declaration of Alan S. Turlington ("Turlington Dec.") ¶ 19 (Docket No. 9-1)).

On November 30, 2020, Plaintiff served responses to Walmart's form interrogatories wherein Plaintiff disclosed that she incurred approximately $600,922.65 of known medical damages.  (Declaration of Rebecca Herman ("Herman Dec."), Ex. E at 34-38 (Docket No. 4)).  Plaintiff also disclosed that she currently lives in California and has resided in California for several years.  (*Id.* at 30-31).

On March 5, 2021, Walmart filed the Notice of Removal ("NoR"), invoking this Court's diversity jurisdiction.  (Docket No. 1).

## II.  LEGAL STANDARD

Courts should "strictly construe the removal statute against removal jurisdiction."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Doubts as to removability should be resolved in favor of remanding the case to the state court.  *Id.*; *see also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus*, 980 F.2d at 566.

Under 28 U.S.C. § 1446(b)(1), a defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"  Section 1446(b)(3) additionally permits removal "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  Although the 30-day deadline is procedural rather than jurisdictional, it "is mandatory and a timely objection to a late petition will defeat removal[.]"  *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014) (quoting *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 21-2058 MWF (AGRx)					Date:  May 28, 2021
Title:	Carmen Hernandez v. Walmart Inc., et al.

"[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).  However, if "the complaint or an amended pleading, motion, order or other paper does not reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove at any time." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1237-38 (9th Cir. 2014) (citation and internal quotation marks omitted).

## III.  DISCUSSION

### A.  Remand

Plaintiff argues that this action should be remanded for two reasons.  ***First***, Plaintiff argues that the NoR is untimely because Walmart was aware that Plaintiff was domiciled in California and that the amount in controversy ("AIC") exceeded $75,000 well in excess of thirty days before the NoR was filed.  (Motion at 4).  ***Second***, Plaintiff argues that removal was improper because Plaintiff and Defendant Pope both reside in California, defeating diversity.  (*Id.*).

Walmart's best argument with respect to timeliness is that Plaintiff's interrogatory responses indicating that she has lived in California since 2014 fall short of establishing that she had ***domiciliary intent***.  (Opposition at 3).

Walmart is correct that citizenship requires (1) physical residency within a state and (2) domiciliary intent.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  However, Plaintiff's statement of her residence in California is prima facie evidence of domiciliary intent.  *See e.g.*, *Lee v. BMW of N.A, LLC*, SACV 19-01722 JVS (ADSx), 2019 WL 6838911, at *2 (C.D. Cal. Dec. 16, 2019) (finding allegation in defendant's notice of removal, based only on plaintiff's statement of residence in the complaint, was sufficient to support removal based on diversity jurisdiction).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 21-2058 MWF (AGRx)          **Date:** May 28, 2021
**Title:**     Carmen Hernandez v. Walmart Inc., et al.

*Marin v. Target Corp.* 2:20-CV-3502-ODW (PJWx), 2020 U.S. Dist. LEXIS 164554, at *1 (C.D. Cal. Sep. 9, 2020) is instructive. In *Marin*, the plaintiff's complaint stated that she was a resident of California but did not state that the plaintiff had an intent to remain in California. *Id.* at *2. The plaintiff expressed an intent to remain in California for the first time in response to the defendant's interrogatory. *Id.*

The plaintiff moved to remand on the basis that Target failed to remove the action within thirty days of the complaint, which established that the plaintiff was a resident of California. *Id.*

The court held that the complaint was "sufficient to put Target on notice that the case was removable under diversity jurisdiction because Marin's statement of her residence is prima facie evidence of her domicile." *Id.* at *6 (citing *Lee*, 2019 WL 6838911, at *2; *Coronel v. Ford Motor Co.*, CV 19-09841 DSF (JEMx), 2020 WL 550690, at *2 (C.D. Cal. Feb. 4, 2020)). The court determined that removal was therefore untimely and granted the plaintiff's motion to remand the action to state court. *Id.*

The Court agrees with the reasoning in *Marin* and reaches the same conclusion here. Plaintiff's interrogatory responses put Walmart on notice that the case was removable under diversity jurisdiction because Plaintiff's statement of California residency in the Complaint is prima facie evidence of her domicile. *See id.*

Walmart cites to *Ruiz v. Walmart Inc.*, CV 20-1129 RAO, 2020 WL 2029976 (C.D. Cal. Apr. 28, 2020), for the proposition that residency is insufficient to determine citizenship. (Opposition at 3). Walmart's reliance on *Ruiz*, is misplaced. The court in *Ruiz* did not address the question presented here and denied the plaintiff's motion to remand because "neither Ruiz's citizenship nor residence [was] pled on the face of the complaint." CV 20-1129 RAO, 2020 WL 2029976 (C.D. Cal. Apr. 28, 2020).

Because the NoR was filed more than thirty days after Walmart was served with the Complaint, the Court determines that the NoR is untimely. *See* 28 U.S.C. § 1446(b)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 21-2058 MWF (AGRx)                     Date:  May 28, 2021
Title:      Carmen Hernandez v. Walmart Inc., et al.

With respect to Plaintiff's lack of diversity argument, Walmart argues that Pope's citizenship must be disregarded for the purposes of determining diversity because Pope was never served.  (Opposition at 5).   Walmart is incorrect that the citizenship of unserved defendants is simply disregarded in determining whether an action should be remanded to state court.  The well-established rule is that the citizenship of all defendants, whether served or not, must be considered in establishing complete diversity.  *See Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) ("Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."); *Fong v. Beehler*, 2013 U.S. Dist. LEXIS 132171, 2013 WL 5194023, at *4 (N.D. Cal. Sept. 16, 2013) ("Diversity turns on the citizenship of the parties, not service.").

Accordingly, the Motion is **GRANTED**.  The action is **REMANDED** to the Los Angeles County Superior Court.

### B.    Sanctions and Attorneys' Fees

Plaintiff requests Rule 11 sanctions and attorneys' fees and costs incurred by the improper removal under 28 U.S.C. § 1447(c).  (Motion at 11-12).

The Court may award just costs and attorneys' fees incurred as a result of removal under 28 U.S.C. § 1447(c), but "only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted."  *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).  "Rather, the court should assess 'whether the relevant case law clearly foreclosed the defendant's basis of removal' by examining the 'clarity of the law at the time of removal.'"  *Martinez v. Michaels*, CV 15-02104 MMM (Ex), 2015 WL 4337059, at *10 (C.D. Cal. July 15, 2015) (quoting *Lussier*, 518 F.3d at 1066)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 21-2058 MWF (AGRx)                Date: May 28, 2021
Title:     Carmen Hernandez v. Walmart Inc., et al.

Rule 11 provides that an attorney or party who signs a pleading certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances that the: (1) pleading is not being presented for any improper purpose; (2) legal contentions are warranted by existing law or a nonfrivolous argument for modifying existing law; and (3) "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). Rule 11 is intended to deter the filing of frivolous pleadings. *Riverhead Sav. Bank v. Nat'l Mortg. Equity Corp.*, 893 F.2d 1109, 1115 (9th Cir. 1990). As such, sanctions are appropriate in an "exceptional circumstance,' where a claim or motion is patently unmeritorious or frivolous." *Id*. (quoting *Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3rd. Cir. 1988)). A frivolous claim or pleading for Rule 11 purposes is one that is "legally or factually 'baseless' from an objective perspective . . . and made without a reasonable and competent inquiry." *Q-Pharma v. Andrew Jergens Co.*, 360 F.3d 1295, 1299 (Fed. Cir. 2004) (quoting *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002)).

Although the Motion is meritorious, the Court is not convinced that sanctions or attorneys' fees are appropriate here. Walmart makes colorable arguments in favor of both timeliness and diversity jurisdiction. Accordingly, Plaintiff's request for sanctions and attorneys' fees is **DENIED**.

## IV.  CONCLUSION

The Motion to Remand is **GRANTED**. The action is **REMANDED** to the Los Angeles County Superior Court. Plaintiff's request for sanctions and attorneys' fees is **DENIED**.

IT IS SO ORDERED.